IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAHID TAHIR, | : | Civil No. 1:22-CV-00425 |
| Petitioner, | : | |
| v. | : | |
| WARDEN SPAULDING, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Petitioner Shahid Tahir ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is seeking home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (Doc. 1.) For the reasons set forth below, the court will dismiss the habeas petition for lack of jurisdiction.

### PROCEDURAL HISTORY

Petitioner is serving a 126-month sentence for attempt and conspiracy to commit fraud. *See U.S.A. v. Tahir, et al.*, No. 2:15-cv-20351-SFC-MKM-1 (E.D. Mich.). He is currently housed at the United States Penitentiary Lewisburg Satellite Camp ("USP-Lewisburg") in Lewisburg, Pennsylvania. Petitioner initiated this action by filing a § 2241 petition in March of 2022. (Doc. 1.) The petition alleges that Petitioner was initially approved for home confinement under

1

the CARES act in 2020. (Doc. 1-9, p. 4.)[1] He states that while "awaiting finality" of the home confinement process, he was transferred from Federal Correctional Institution Loretto to UPS-Lewisburg. (*Id.*) Petitioner states that he was then told he would no longer eligible for home confinement because he had been vaccinated upon arriving at UPS-Lewisburg. (*Id.*) On June 17, 2021, he initiated the grievance process by filing at BP-9 form. (*Id.*, p. 5.) This was denied on July 1, 2021, and Petitioner appealed the denial. (*Id.*) Petitioner alleges that on July 20, 2021, he was advised that he was being reconsidered and referred again for home confinement under the CARES act. (*Id.*) On July 28, 2021, Petitioner received a disciplinary infraction, which was eventually dismissed. (*Id.*, pp. 5–7.) Petitioner alleges that the BOP later used the dismissed infraction to negate his release on home confinement under the CARES Act. (*Id.*, p. 7.) Petitioner alleges that this deprived him of due process and equal protection and subjected him to cruel and unusual punishment. (*Id.*, p. 10.)

The court entered a show cause order on March 28, 2022. (Doc. 6.) Respondent filed a response on April 25, 2022. (Doc. 7.) Petitioner filed a traverse on May 13, 2022. (Doc. 10.) The petition is now ripe to be addressed by the court.

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

## DISCUSSION

The court does not have the authority to review the petition, as this court has previously held that "the jurisdiction of [a home confinement] determination [under the CARES Act] is with the Director of the Bureau of Prisons." *Jackson v. White*, No. 3:20-CV-0919, 2020 WL 3036075, at *9 (M.D. Pa. June 5, 2020) (quoting *Cordaro v. Finley*, No. 3:10-CR-75, 2020 WL 2084960, at *1, *6–7 (Apr. 30, 2020)).

The Bureau of Prisons ("BOP") has exclusive discretion to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(a). Pursuant to this authority, the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The BOP "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." *Id.*

On March 26, 2020, the Attorney General issued a memorandum encouraging the BOP to prioritize home confinement, as appropriate, in response to the COVID-19 pandemic. *See* Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf. To determine whether home confinement should be authorized, the Attorney General

3

directed the BOP to consider "the totality of circumstances for each individual inmate, the statutory requirements for home confinement," and the following non-exhaustive discretionary factors: (1) the age and vulnerability of the inmate to COVID-19, in accordance with Centers for Disease Control ("CDC") guidelines: (2) the security level of the facility currently holding the inmate; (3) the inmate's conduct in prison; (4) the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"); (5) whether the inmate "has a demonstrated and verifiable re-entry plan that will prevent recidivism and maximize public safety"; and (6) the inmate's crime of conviction and "assessment of the danger posed by the inmate to the community." *Id*.

On March 27, 2020, the CARES Act was implemented, authorizing the Attorney General and the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" due to the COVID-19 pandemic. CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). On April 3, 2020, the Attorney General issued a memorandum authorizing the Director of the BOP to maximize the use of home confinement for appropriate inmates held at facilities where the Director determines COVID-19 has materially affected operations. Increasing Use of Home Confinement at Institutions Most Affected by COVID-19, https://www.justice.gov/file/1266661/download (last accessed July 31, 2023). This

memorandum increased the number of inmates to be assessed for home confinement and directed the BOP to prioritize the most vulnerable inmates at the most affected facilities. *Id.* The memorandum stressed that the BOP should "continue making the careful, individualized determinations BOP makes in the typical case" to remain faithful to its duty to protect the public. *Id.*

Under the CARES Act, the court has no authority to grant Petitioner's request for home confinement. "[T]he CARES Act provides the discretion for determining early home confinement release solely to the BOP." *United States v. Mathews*, No. 2:86-cr-197, 2020 WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020); *see also United States v. Ramirez-Ortega*, 2020 WL 4805356, at *3 (E.D. Pa. Aug. 14, 2020) ("Importantly, the BOP has sole authority to determine which inmates to move to home confinement" under the CARES Act). As such, this court has no authority to review the BOP's home confinement determination or direct the BOP to transfer a prisoner to home confinement. 18 U.S.C. § 3621(b)(5) (BOP's designation as to home confinement "is not reviewable by any court"). *See also United States v. Robinson*, No. 4:07-cr-389-10, 2020 WL 5793002, at *5 n.2 (M.D. Pa. Sept. 28, 2020) ("[T]he Court does not have authority to grant [a] request" for release to home confinement due to the COVID-19 pandemic because "the determination of an inmate's place of incarceration is committed to the discretion of the BOP director."); *Ramirez-Ortega*, 2020 WL 4805356, at *3 (noting that the

BOP's home confinement determination "is not reviewable by courts"); *United States v. Pettiway*, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Regardless of the nature of defendant's medical condition or the existence of the coronavirus pandemic, Congress did not provide the courts with the authority to release inmates into home confinement at an earlier time under the CARES Act."). Because this court cannot provide the relief requested, Petitioner's § 2241 petition must be dismissed.

The petition also appears to raise constitutional claims, including an Eighth Amendment claim. (Doc. 1-9.) A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Conditions of confinement are challenged through 42 U.S.C. § 1983 claim:

> [W]henever the challenge ultimately attacks the 'core of habeas'–the validity of the continued conviction or the fact or length of a sentence –a challenge, however denominated and regardless of the relief sought, must be brought by way of habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer*, 288 F.3d at 542. Here, Petitioner is clearly challenging the duration of his confinement, and the court lacks subject matter jurisdiction. *See supra*. As such,

Petitioner fails to state a cognizable habeas claim based on the BOP's alleged violation of his constitutional rights.

## CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of subject matter jurisdiction.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 31, 2023